# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO G. CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:14-cv-01524-LJO-SKO (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### Screening Order

**I.   Screening Requirement and Standard**

Plaintiff Roberto G. Castaneda, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Summary of Complaint**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") in Corcoran, California, names the United States District Court for the Eastern District of California as a defendant in the caption of his complaint, but he does not name any defendants in the body of his complaint. Plaintiff identifies his legal claim as follows: "I'm trying to get this done because it was not my fault they left me this way." (Doc. 1, Comp., p. 4.) Additionally, Plaintiff alleges that Doctor Cryer is the doctor in charge and he attaches four medical records to his complaint. In the section entitled "Relief," Plaintiff states that in December 2009, he was given a shot in his legs at Richard J. Donovan State Prison and his legs have not been the same since. (*Id.*, p. 5.) Plaintiff is seeking "for them to take care of my problem." (*Id.*)

2

### B. Court as Defendant

The only defendant identified in the complaint is the United States District Court for the Eastern District of California. While it does not appear that Plaintiff actually intends to sue the district court, it is well settled that judges are entitled to absolute immunity from suit, absent very limited exceptions not presented here, and any such claim is therefore barred. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); *Wolff v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

### C. Eighth Amendment Medical Care Claim

Based on Plaintiff's brief allegations, he appears to be pursuing a claim for denial of adequate medical care at SATF. The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122. Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Id*. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care, *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122, and Plaintiff's mere disagreement with prison medical staff's chosen course of treatment does not support a claim, *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

Here, Plaintiff's complaint lacks any factual allegations supporting a claim under the Eighth Amendment. In an abundance of caution, the Court will grant Plaintiff an opportunity to

amend. However, it appears Plaintiff is attempting to pursue the same Eighth Amendment medical care claim he raised in *Castaneda v. Cryer*, 1:14-cv-00658-LJO-MJS.[1] *Castaneda v. Cryer* involved allegations of back and spinal problems impacting Plaintiff's ability to walk, and Plaintiff sought surgery, therapy, and pain medication.[2] The case was dismissed, with prejudice, on July 18, 2014, and the doctrine of *res judicata* bars Plaintiff from litigating those claims a second time in this action. *Arizona v. California*, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983, and it appears Plaintiff is attempting to pursue medical claims that are barred by the doctrine of *res judicata*. Given the sparse facts in the complaint, however, the Court will provide Plaintiff with one opportunity to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

---

[1] In his complaint, Plaintiff states he has not brought any other lawsuits while a prisoner, but that is incorrect.

[2] The Court takes judicial notice of the record in *Castaneda v. Cryer*. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 10, 2014**                        **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

5